# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JANA R. CULLEFER,
       Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
      Agency.

DOCKET NUMBER
DA-0752-16-0089-I-1

DATE: November 15, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jana R. Cullefer</u>, Van Buren, Arkansas, pro se.

<u>Jose Calvo</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2     The agency removed the appellant from the GS-9 position of Consumer Safety Inspector based on the charges of absence without leave for 143.75 hours and 12 instances of failure to follow leave procedures. Initial Appeal File (IAF), Tab 5 at 23, 24, 76. The appellant appealed the agency action. IAF, Tabs 1-2. Based on the developed record, including the testimony at the hearing, the administrative judge issued an initial decision that affirmed the agency action. IAF, Tab 23, Initial Decision (ID). The initial decision, issued on June 28, 2016, informed the appellant that a petition for review must be filed with the Board by August 2, 2016, or, if the appellant proved that she received the initial decision more than 5 days after the date it was issued, then she could file a petition for review within 30 days of the date that she actually received the initial decision. ID at 21.

¶3     The appellant filed a petition for review on August 11, 2016, stating that she received the initial decision on July 1, 2016.[2] Petition for Review (PFR) File, Tab 1. The Clerk of the Board informed the appellant that her petition appeared to be untimely filed, and afforded her the opportunity to file a motion to accept the filing as timely and/or to waive the time limit for good cause. PFR File, Tab 2. The Clerk also informed the appellant that such a motion must be accompanied by a statement signed under penalty of perjury or an affidavit. *Id*. Further, the Clerk informed the appellant that such motion and properly signed statement must be postmarked, if mailed, or sent by facsimile on or before August 27, 2016. *Id*.

---

[2] Although the appellant claims that she received the initial decision on July 1, 2016, because the appellant was a registered e-filer, she is deemed to have received the initial decision on the date of electronic submission, or June 28, 2016. IAF, Tab 24; 5 C.F.R. § 1201.14(m)(2).

¶4      The agency filed a response to the appellant's petition for review, moving that it be dismissed as untimely filed. PFR File, Tab 3. On September 6, 2016, the appellant filed a reply to the agency's response, alleging that she does not have "constant nor reliable internet access." PFR File, Tab 4. She stated that she had tried to submit her petition electronically on August 1, 2016, and when her submission did not appear online by August 3, 2016, she contacted the Board's office for technical support. *Id*. She states that, after continuing to monitor the Board's e-Appeal Repository, she eventually was able to submit her petition electronically. *Id*.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5      A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision, or if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e). The initial decision was issued on June 28, 2016, and the petition for review was due by August 1, 2016. Thus, the appellant filed her petition for review 10 days late, on August 11, 2016. PFR File, Tab 1.

¶6      The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.113(d), 1201.114(f). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Sanders v. Department of the Treasury*, 88 M.S.P.R. 370, ¶ 5 (2001). To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of the party's excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune

which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7        Under limited circumstances, the Board will excuse delays in filing caused by difficulties encountered with the e-Appeal system. *E.g.*, *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶¶ 6–8 (2010) (excusing a filing delay when the appellant alleged that he attempted to electronically file his petition for review on time and the e-Appeal system showed that he had, in fact, accessed the system prior to the date that his petition was due; it was possible to exit the system without receiving a clear warning that he had not yet filed his pleading; and once he became aware that his petition had not been filed, he contacted the Board and submitted a petition for review that included an explanation of his untimeliness); *Lamb v. Office of Personnel Management*, 110 M.S.P.R. 415, ¶ 9 (2009) (excusing the untimely filing of an appeal when the appellant reasonably believed he filed timely by completing all the questions on the online appeal form and exited the website without receiving a clear warning that his appeal was not filed). However, we find that the appellant's failure to complete the submission of the petition for review is not excusable in this instance.

¶8        According to the Board's e-Appeal logs, the appellant initially started a pleading on July 27, 2016, but did not submit a petition. Although she reentered the system on August 1, 2016, the deadline for filing a petition for review, she did not submit her petition on that date. She did submit three tickets to the Board's Information Resources Management technical support group on August 3, 2016, and one of those tickets appears to be an attempt to file her petition for review using a ticket. However, by that date the petition was untimely. Prior to filing the petition for review, the appellant successfully filed pleadings in the e-Appeal system. IAF, Tabs 1, 17, 20. According to the

e-Appeal database, after each filing, the e-Appeal system generated an email within minutes to the appellant and her representative, if she had one, advising them of the new pleading.

¶9        Given her familiarity with the e-Appeal system, due diligence and ordinary prudence required that the appellant promptly follow up to determine the status of the petition for review when she did not receive an email advising her that it had been filed as she had for her past Board submissions.   The appellant's tickets submitted to e-Appeal technical support suggest that she was aware that her petition had not been filed successfully.  Nonetheless, the appellant did not file her petition for review until 8 days after August 3, 2016, when by her own actions she knew or should have known that she had not filed her petition for review in the e-Appeal system.   PFR File, Tab 1.   The appellant has not shown any circumstances beyond her control such as unavoidable casualty or misfortune that affected her ability to comply with the time limits to file a petition for review, and to file immediately after she was aware that her petition had not been successfully filed.  *Livingston v. Office of Personnel Management*, 105 M.S.P.R. 314, ¶ 9 (2007) (finding good cause for the untimely filing of a petition for review in the e-Appeal system when the appellant created a draft of the petition, was able to exit the Board's website without receiving a clear warning that he had not yet filed his pleading, and acted with due diligence in submitting the relevant documents when he became aware of the problem).

¶10       Further, the petition was not accompanied by a motion that showed good cause for its untimely filing.  PFR File, Tab 1.  Unless the Board previously has granted an extension, an untimely petition for review must be accompanied by such a motion, which must be accompanied by an affidavit or sworn statement that includes the reasons for failing to request an extension before the deadline for the submission, and a specific and detailed description of the circumstances causing the late filing, accompanied by supporting documentation or other

evidence.  5 C.F.R. § 1201.114(g).  After receiving the petition for review, the Board provided the appellant with notice of these requirements and instructed her to file the motion and accompanying documents on or before August 27, 2016, or the Board might dismiss her petition as untimely.  PFR File, Tab 2 (with attached motion form).  The appellant's apparent response to the Board's notice was 10 days late and, as explained above, did not include a sufficient explanation for the untimeliness of the petition.  PFR File, Tab 4.

¶11      Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the removal appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  Title 5 of the United States Code, section 7702(b)(1)  (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.